## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DALE A. GUILFOIL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 16-291-GMS |
| | ) | |
| G.R. JOHNSON, Warden, | ) | |
| and ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

———————————

Dale A. Guilfoil. *Pro se* petitioner.

Karen V. Sullivan, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware.  Attorney for respondents.

———————————

## MEMORANDUM OPINION

December 29 , 2016
Wilmington, Delaware



Steel, District Judge

## I. INTRODUCTION

Petitioner Dale A. Guilfoil ("Guilfoil") is an inmate at the Sussex Correctional Institution in Smyrna, Delaware. Guifoil filed the pending application for a writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254. (D.I. 3) The State filed a motion to dismiss without prejudice to allow Guilfoil to exhaust state remedies in state court. (D.I. 10) For the reasons discussed, the court will provide Guilfoil with an opportunity to withdraw his unexhausted ineffective assistance of counsel claim and proceed on the exhausted claims. If Guilfoil fails to choose this option, the court will dismiss his petition without prejudice for failure to exhaust state remedies.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In June 2015, Guilfoil was convicted of a seventh offense of driving while under the influence. (D.I. 3) He appealed, and the Delaware Supreme Court affirmend his conviction and sentence on March 11, 2016. (D.I. 10 at 4) On April 20, 2016, Guilfoil filed a federal habeas petition asserting six claims, one of which contains an ineffective assistance of counsel argument. (D.I. 3) In response, the State filed a motion to dismiss the petition without prejudice, because petitioner had not filed in the Superior Court a Rule 61 motion asserting the ineffective assistance of counsel claim. (D.I. 10) Guilfoil filed a response, which merely re-asserts his substantive arguments but does not address the exhaustion issue. (D.I. 15)

## III. GOVERNING LEGAL PRINCIPLES

A district court can entertain a state prisoner's application for federal habeas relief only on the ground that his custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Absent exceptional circumstances, a federal court cannot review a habeas

petition on the merits unless the petitioner has exhausted his remedies under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by presenting his claim to the state's highest court, either on direct appeal or in a post-conviction proceeding. *O'Sullivan*, 526 U.S. at 844-45; *see Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Generally, a federal court will dismiss without prejudice a habeas petition consisting entirely of unexhausted claims in order to give a petitioner an opportunity to present the unexhausted claim to the state courts. *Lines v. Larkins*, 208 F.3d 153, 159-60 (3d Cir. 2000).

Sometimes a petitioner will present a federal district court with a mixed petition, which is a petition containing both exhausted and unexhausted habeas claims. *See generally Rose v. Lundy*, 455 U.S. 509 (1982). When a petitioner presents a district court with a mixed petition, and the operation of the federal limitations period will not clearly foreclose a future collateral attack, the district court must dismiss the entire application without prejudice to permit exhaustion of state remedies for the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269 (2005); *Pliler v. Ford*, 542 U.S. 225 (2004); *Rose*, 455 U.S. at 510, 522; *Lambert*, 134 F.3d at 513.

## IV. DISCUSSION

Guilfoil's petition asserts a total of six claims: (1) the "trial court abused its discretion and erred as a matter of law" by allowing the State to introduce evidence of the blood analysis without establishing the chain of custody (D.I. 3 at 5); (2) the trial court "abused its discretion by admitting [e]vidence of Horizontal Gaze Nystagmus testing" (D.I. 3, at 8); (3) the "trial court abused its discretion by barring defense counsel from [arguing] a reasonable inference

2

based on [the] evidence" (D.I. 3, at 9); (4) the "trial court erred as a matter of law in instructing the [j]ury on the definitions of operating and operability of a motor vehicle" (D.I. 3, at 11); (5) the trial court "docket will show how many times the petitioner's court hearing[s] were rescheduled because petitioner would not take a plea bargain" (D.I. 3 at 16); and (6) "[m]isconduct of the State's employees during the court proceeding," including various "lies" by the prosecutor, defense counsel and arresting officer, and defense counsel's failure to have a mechanic inspect the truck transmission. (D.I. 3 at 16) The State asserts, and the record reveals, that Guilfoil presented claims one through four, or variants thereof, to the Delaware Supreme Court on direct appeal. *See Guilford v. State*, 135 A.3d 78 (Table), 2016 WL 943760 (Del. Mar. 11, 2016). Although Guilfoil did not present claims five and six in any Delaware court, Guilfoil's failure to exhaust claim five and all but the ineffective assistance of counsel argument in claim six is excused, and the claims are technically exhausted but procedurally defaulted, because further review of these arguments would be barred by Delaware Superior Court Criminal Rule 61(i)(3).[1] (D.I. 10 at 7 & n. 32)

Given these circumstances, the court concludes that Guilfoil exhausted state remedies for claims one through five, and a portion of claim six. However, at this juncture, the remaining ineffective assistance of counsel argument in claim six is unexhausted. The ineffective

---

[1]It is possible for an unexhausted claim to be barred from further state court review due to state procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Such claims are considered to be procedurally defaulted, and because further state court review would be futile, there is no reason to dismiss a procedurally defaulted claim without prejudice to permit exhaustion. *See Slutzker v. Johnson*, 393 F.3d 373, 380 (3d Cir. 2004)("[e]xhaustion is not required where pursuit of state remedies would be futile"). In this case, although claims five and six were never presented to the Delaware Supreme Court, the failure to exhaust the portions of the claims for which further review would be futile is excused, which means that they are considered to be technically exhausted but procedurally defaulted.

3

assistance of counsel argument will not be exhausted until Guilfoil presents the argument to the

Superior Court in a motion for post-conviction relief under Delaware Superior Court Criminal

Rule 61, and then appeals any adverse decision to the Delaware Supreme Court.[2]  *See Pringle v.*

*Caroll*, 2006 WL 1319545, at *2 (D. Del. May 15, 2006); *Webster v. Kearney*, 2006 WL 572711

(D. Del. Mar. 8, 2006).

Based on this record, the court concludes that the instant petition is a mixed petition

containing both exhausted and unexhausted claims.  At this point, Guilfoil has until the end of

March, 2017 to exhaust his state remedies by filing a Rule 61 motion.  (D.I. 10 at 4)  In turn,

AEDPA's one-year limitations period will not expire until early June, 2017. *See Kapral v.*

*United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999)(when a petitioner does not pursue certiorari

review in the United States Supreme Court, his judgment of conviction does not become final

until the expiration of the 90 day period for seeking such review).  Consequently, dismissing the

petition without prejudice will not jeopardize the timeliness of a future habeas petition, provided

Guilfoil diligently pursues state remedies and pays attention to the one-year statute of limitations

period applicable to federal habeas petitions.[3]  The court also notes that a stay of the instant

proceeding is not warranted because AEDPA's one year limitations period is not close to

expiring. *See* 28 U.S.C. 2244(d)(1); *see generally Rhines*, 544 U.S. 269.  Accordingly, if

---

[2]Guilfoil has one year from date on which his conviction became final under state law to timely file a Rule 61 motion in the Superior Court. *See* Del. Super. Ct. Crim. R. 61(i)(1).

[3]Habeas petitions filed pursuant to 28 U.S. C. § 2254 must be filed within one year of the judgment of conviction becoming final, and the limitations period is tolled during the pendency of properly filed applications for state post-conviction relief. *See* 28 U.S.C. § 2244(d)(1),(2). Guilfoil is responsible for  calculating and complying with AEDPA's one-year statute of limitations.

4

Guilfoil does not withdraw the unexhausted ineffective assistance of counsel claim, the court will grant the State's motion to dismiss the petition and dismiss the petition without prejudice to provide Guilfoil an opportunity to satisfy the exhaustion requirement.

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

If Guilfoil fails to withdraw the unexhausted ineffective assistance of counsel argument from the instant mixed petition, the court will be required to dismiss the petition without prejudice for failure to exhaust state remedies. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons discussed, the court will provide Guilfoil with an opportunity to withdraw the unexhausted ineffective assistance of counsel claim from the instant mixed petition. If

Guilfoil fails to withdraw said claim, the court will grant the State's motion to dismiss and dismiss Guilfoil's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 without prejudice.

An appropriate order will be entered.